UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

VERON BRIGGS,

                        Plaintiff,

-against-                                               1:23-CV-93 (LEK/DJS)

BRANDON C. EWING,

                        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff Veron Briggs commenced this action pursuant to 42 U.S.C. § 1983 by filing a complaint asserting claims under the Fourth and Eighth Amendments arising from his arrest by Defendant Brandon C. Ewing. Dkt. No. 1 ("Complaint"). Defendant filed a motion for summary judgment, Dkt. No. 18-10 ("Motion"), and provided a statement of material facts, Dkt. No. 18-9 ("Statement of Material Facts," or "SMF"). Plaintiff did not file a response. For the reasons that follow, the Motion is granted.

**II.    BACKGROUND**

    **A.  Admission of Statement of Material Facts**

On August 13, 2024, Plaintiff was served with a standard form titled "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." *See* Dkt. No. 8-11. This form clarifies that if Plaintiff "do[es] not submit a proper response to the defendants' statement of material facts, the Court may deem [Plaintiff] to have admitted the defendants' factual statements." N.D.N.Y. Notification of the Consequences of Failing to Respond to a Summary Judgment Motion; *see also* N.D.N.Y. L.R. 56.1(b). Plaintiff did not file a response to the

1

Statement of Material Facts. Therefore, the Court will deem properly supported facts stated in the Statement of Material Facts as true for the purposes of the Motion. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (accepting as true the properly supported facts contained in an unopposed statement of material facts).

### B. Factual Background

Defendant is a City of Troy police officer. SMF ¶ 1. On June 20, 2022, Defendant was on duty when he was dispatched to the area of 124th Street and Second Avenue in Troy for assistance with a domestic disturbance. *Id.* When Defendant arrived, he observed Plaintiff engaging in a verbal argument with Nevaeh Wright. *Id.* ¶ 2. Defendant interviewed Wright while another officer interviewed Plaintiff. *Id.* ¶¶ 3–4.

Plaintiff and Wright confirmed that they had active orders of protection against one another. *Id.* ¶ 6. Defendant then confirmed that there was an active full 'stay away' order of protection issued out of Troy City Court protecting Wright. *Id.* ¶ 7. This order of protection was served on Plaintiff on April 7, 2022 and did not expire until January 31, 2023. *Id.* ¶ 8. The order of protection explicitly provided that Plaintiff was required to stay away from Wright, and that Plaintiff was required to "refrain from assaulting, harassing, etc." Wright. Dkt No. 18-6 at 1. There was also an order of protection against Wright that protected Plaintiff. SMF ¶ 10.

Based upon the allegations made by Wright and Plaintiff, Defendant believed that probable cause existed, and the individuals were arrested, each charged with violating the respective active orders of protection. *Id.* ¶ 11. Defendant prepared a charging instrument charging Plaintiff with misdemeanor criminal contempt, in violation of Section 215.50(3) of the New York State Penal Law. *Id.* ¶ 13.

Arising from these events, Plaintiff asserts a false arrest claim against Defendant in violation of the Fourth and Eighth Amendments. Compl. at 3.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, summary judgment cannot be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for its motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on "mere conclusory allegations, speculation, or conjecture," *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020), and must present more than a mere "scintilla of evidence" to support its claims, *Anderson*, 477 U.S. at 252. At the same time, a

court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S 133, 150 (2000). The Court "may not make any credibility determinations or weigh the evidence." *Id.* Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV.   DISCUSSION

### A.   False Arrest Claim Under the Fourth Amendment

Defendant argues that he is entitled to summary judgment on Plaintiff's false arrest claim because Plaintiff was not the subject of a false arrest. Mot. at 5–9.

"A [Section] 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted). "To state a claim for false arrest under New York law, a plaintiff must show that, *inter alia*, "the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). The existence of probable cause "is a complete defense to an action for false arrest." *Bernard*, 25 F.3d at 102. An officer has probable cause to arrest a person when, given all the circumstances, there is a fair probability that the person to be arrested has committed or is committing a crime. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Here, Plaintiff was arrested for violating a stay-away order, and he was charged with misdemeanor criminal contempt in violation of Section 215.50(3) of the New York State Penal Law. "Under New York law, the crime of criminal contempt in the second degree requires that

4

(1) a valid protective order existed, (2) the defendant knew about that order, and (3) the defendant intended to violate the order." *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 198 (E.D.N.Y. 2010) (*citing* N.Y. Pen. L. § 215.50(3)). The undisputed facts show that Plaintiff informed the police that there was an active order of protection against him, and Defendant independently confirmed its existence. Defendant observed Plaintiff engaging in a verbal argument with Wright, despite language in the stay-away order forbidding him from "assaulting [or] harassing" Wright. Dkt. No. 18-6 at 1. The events that Defendant witnessed suggest that he had probable cause to believe that Plaintiff violated the stay-away order and thus committed the offense of criminal contempt. Because Defendant had probable cause, he has a "complete defense" to Plaintiff's false arrest claim. *See Bernard*, 25 F.3d at 102. Accordingly, the Court grants summary judgment in favor of Defendant on Plaintiff's false arrest claim under the Fourth Amendment.

### B. False Arrest Claim Under the Eighth Amendment

Defendant argues that Plaintiff fails to state a claim under the Eighth Amendment and cannot survive summary judgment. Mot. at 9. The Court agrees. "The Eighth Amendment protects prisoners from cruel and unusual punishment by prison officials." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Here, Plaintiff presents no evidence, nor alleges any facts, suggesting that he was a prisoner or subjected to any treatment by a prison official. *See* Compl. at 3; SMF ¶¶ 1–2 (stating Plaintiff was near 124th Street and Second Avenue in Troy). Accordingly, the Court grants summary judgment in favor of Defendant on Plaintiff's false arrest claim under the Eighth Amendment.

### V. CONCLUSION

Accordingly, it is hereby:

5

**ORDERED**, that Defendant's Motion for summary judgment, Dkt. No. 18, is **GRANTED**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is dismissed; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	February 24, 2025
	Albany, New York

LAWRENCE E. KAHN
United States District Judge